ROCA *et al. v.* BYRNE *et al.*

(*Supreme Court, General Term, First Department.* February 18, 1892.)

INJUNCTION PENDENTE LITE—PROPRIETY OF CONTINUING—INSOLVENCY.

An action was brought by principals against the administratrix of their agent, who acted for them in a fiduciary capacity in the collection of drafts, to recover certain moneys collected by the agent, in which the insolvency of the estate of the agent was alleged. The defense was a balance due to defendant's intestate by plaintiffs. *Held*, that an injunction *pendente lite* awarded plaintiffs, restraining a bank from paying over funds collected by decedent for plaintiffs, and deposited with the bank by him, was properly continued until trial.

Appeal from special term, New York county.

Action by Francisco Roca and another against Anna D. Byrne, administratrix of Daniel Byrne, deceased, and another. From an order continuing *pendente lite* an injunction restraining the Corn Exchange Bank from paying out certain moneys on deposit with the bank, defendant Byrne appeals. Affirmed.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Strong, Harmon & Mathewson,* (*Benjamin S. Harmon* and *Charles F. Mathewson,* of counsel,) for appellant. *Billings & Cardozo,* for respondents. *Platt & Bowers,* for the Corn Exchange Bank.

O'BRIEN, J. The action is brought by plaintiffs to recover the proceeds of certain drafts transmitted to defendant Byrne's intestate, who, it is claimed, while acting as the agent of plaintiffs in a fiduciary capacity, collected the same for the purpose of applying the proceeds thereof to the payment of specific obligations of plaintiffs, and which proceeds were deposited in the Corn Exchange Bank, where they remained until Byrne's death. The answer of the defendant admits that certain drafts were collected and received from the plaintiffs, but denies that the same were received and the proceeds thereof collected upon any arrangement or agreement that they should be applied upon specific obligations of the plaintiffs, but, on the contrary, alleges that between the parties there was a running account, and that at the time of Byrne's death a large credit balance existed in favor of Byrne. The complaint and answer are supplemented by affidavits, and the issues are thus presented, not only as to the terms and conditions under which the drafts were received and collected, but also as to the state of the account between the parties at the time of Byrne's death. The court is reluctant to try issues of the character presented upon affidavits, and it is only in cases where, from the papers themselves, the position of either side is fully sustained, that it will hazard a determination of all their rights upon a preliminary motion, where the facts are supported only by *ex parte* statements. An examination of the papers on appeal fails to disclose such a state of facts as would warrant our deciding all the questions in dispute in favor of the defendant. The suggestion of appel-

lant that plaintiffs' allegations, being, for the most part, upon information and belief, are insufficient to sustain an injunction *pendente lite*, is to be considered together with the fact that most of the answering affidavits are likewise upon information and belief. The sources of information and the ground of belief of the affiants are set forth, and, in addition, there is the affidavit of one Jones, whose knowledge is stated to have been derived, not only from conversations with the deceased, but also from the fact that he personally collected some of the drafts, the proceeds of which were deposited with the bank, and which are sought to be reached in this action. We may admit that, as presented, there is much force in the contention of the defendant that there was no special appropriation of these drafts, but that for years there was a running account between the parties. There are, however, other considerations which we think should induce us to uphold the injunction until the fact can be fully presented at the trial. It is asserted that Byrne, to whose credit the moneys received from the collection of the drafts were deposited, died insolvent, and that the payment over of the moneys to the administratrix would, even though plaintiffs should succeed, leave them remediless. The only injury that could result from retaining the moneys in the bank, during the pendency of the action, to the administratrix, would be the consequent delay. This, to a great extent, could have been obviated by accepting the suggestion of the court below as to embodying in the order a condition which would have insured a speedy trial. We see no good reason, therefore, for disturbing the order, and it should accordingly be affirmed, with costs to abide the event.

VAN BRUNT, P. J. I am of the opinion that it is in furtherance of justice to retain the injunction until the rights of the parties can be determined after a trial.

LAWRENCE, J., concurs.